**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| SHERODNEY STEWART, | * | |
| Petitioner, | * | CASE NO. 5:04-CV-324 WDO |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 5:01-CR-49 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Stewart's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

A superceding indictment was returned in this Court on December 6, 2001, charging Petitioner Stewart with distribution of more than fifty (50) grams of crack cocaine, distribution of more than five (5) grams of crack cocaine, attempting to possess with intent to distribute more than 500 grams of powder cocaine, using a telephone to commit a drug trafficking offense and attempting to possess marijuana with the intent to distribute. On March 12, 2002, Petitioner entered into a Plea Agreement (R-36),and pled guilty to the offense of distributing more than fifty (50) grams of crack cocaine. Petitioner was sentenced to 360 months incarceration on June 4, 2002. Petitioner thereafter appealed his sentence to the Eleventh Circuit Court of Appeals. The Respondent then filed a Motion to reduce

Petitioner's sentence under Rule 35(b) of the Federal Rules of Civil Procedure for substantial assistance on October 9, 2002.  On February 12, 2003, the Eleventh Circuit dismissed Petitioner's appeal by granting Respondent's motion to dismiss based on Petitioner's waiver of appeal as signed by him in his plea agreement.  On September 24, 2003, Respondent moved this Court to dismiss its Rule 35(b) motion stating that Petitioner had not provided them with substantial assistance.  This Court granted that request on September 30, 2003.  On May 5, 2004, Petitioner filed a motion to have his time to file a § 2255 motion equitably tolled pending his cooperation with the government to provide substantial assistance in the criminal prosecution of another.  That motion was denied on August 19, 2004.  On September 30, 2004, Petitioner filed the instant § 2255 motion to vacate his sentence.

The Anti-Terrorism and Effective Death Penalty Act codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996.  The relevant portion of 28 U.S.C. § 2255 is as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
>  (1) the date on which the judgment of conviction becomes final;
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Supreme Court has held that, for federal criminal defendants who do not file a petition for certiorari with that Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). Supreme Court Rule 13 provides that "a petition for a writ of certiorari to review a judgement in any case entered by . . . a United States court of appeals is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Therefore, the 90 day period for filing application to the United States Supreme Court for writ of certiorari from a decision of a Court of Appeals begins when the judgment is filed in the Court of Appeals, not when the mandate of the judgement is filed in the trial court.

Petitioner Stewart did not file a writ of certiorari to the United States Supreme Court in this case. The one-year period of limitation provided by 28 U.S.C. § 2255 would have begun to run in Petitioner's case, therefore, on May 15, 2003. The one-year period of limitations provided by section 2255 ran out in Petitioner's case on May 14, 2004, more than four months prior to the filing of Petitioner's Motion on September 30, 2004. The Eleventh Circuit has held that while a Petitioner's pleadings may be given liberal construction, "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis,* 197 F. 3d 1098, 1104 (11th Cir. 1999). Hence, Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is time barred.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 28th day of October 2004.

S/  G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE
