IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHERODNEY STEWART, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 5:01-CR-00049-CAR |
| | * | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

A superseding indictment was returned in this Court on December 6, 2001, charging Petitioner Stewart with distribution of more than fifty (50) grams of crack cocaine, distribution of more than five (5) grams of crack cocaine, attempting to possess with intent to distribute more than 500 grams of powder cocaine, using a telephone to commit a drug trafficking offense and attempting to possess marijuana with the intent to distribute. (R-28). On March 12, 2002, Petitioner entered into a Plea Agreement (R-36) and pled guilty to the Count 1 offense of distributing more than fifty (50) grams of crack cocaine (R-38). On June 21, 2002, Petitioner was sentenced to 360 months incarceration. (R-45). On February 12, 2003, the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal as violative of the waiver of appeal provision contained in the Plea Agreement. (R-51). Petitioner filed no

petition for certiorari with the Supreme Court.

On September 30, 2004, Petitioner filed his first § 2255 motion to vacate his sentence (R-58), which was decided adversely to him in December 2004, by the District Court (R-63) and in March 2005, by the United States Court of Appeals for the Eleventh Circuit (R-72). Thereafter, however, on October 25, 2005, Petitioner obtained a 40-month reduction of his sentence pursuant to Fed. R. Crim. P. 35 for substantial assistance to the government. (R-76).

Currently under consideration is whether this Court has jurisdiction over Petitioner's second Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 on August 15, 2008. (R-82). In his Motion, Petitioner shows that he applied for a writ of habeas corpus in state court on April 17, 2003, ultimately receiving vacatur of his state sentences on July 2, 2008. *Id*. Petitioner claims actual innocence of his federal sentence as the result of the vacatur of state sentences upon which the sentencing guideline range was calculated. *Id*. An evidentiary hearing was held on Petitioner's Motion on December 9, 2008, in Macon, Georgia. (R-88).

## **Conclusions of Law**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant must file an application with the appropriate Court of Appeals for an order authorizing the district court to consider a second or successive § 2255 motion. 28 U.S.C. §§ 2255(h), 2244. Without authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216

2

(11th Cir. 2003); *Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir. 1997); *see also U.S. v. Terrell*, 141 Fed. Appx. 849 (11th Cir. 2005) (holding that, where a petitioner filed a motion to reopen and reduce sentence based upon the vacatur of some of his prior state court convictions, he asserted a brand new substantive claim for relief on the merits that had not been presented in his initial Section 2255 petition, and the district court correctly treated the motion at issue as a second or successive Section 2255 motion to vacate).  Petitioner could have raised in his first Section 2255 motion his claim for ineffective assistance of counsel for his counsel's failure to check the validity or possibility of vacatur of his state sentences which resulted in his career offender status, but declined to do so. (R-86).

Moreover, Petitioner's application is still be time barred.  The AEDPA establishes the following period of limitations:

> (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  The Supreme Court has previously examined the interplay between the AEDPA's statute of limitations and provision regarding the filing of second or successive Section 2255 motions, holding that the AEDPA limitations period applies to initial motions

as well as second or successive motions, despite "the potential for harsh results in some cases." *Dodd v. United States*, 545 U.S. 353, 359, 125 S. Ct. 2478, 2482-83 (2005) (construing 28 U.S.C. § 2255(f)(3)).

Here, 28 U.S.C. § 2255(f)(4) sets forth the relevant AEDPA limitations period triggering event, and the parties have devoted many pages to briefing whether Petitioner acted with due diligence to obtain vacatur of his state sentences in order to collaterally attack his enhanced federal sentence. The Supreme Court has held that while "state-court vacatur is a matter of fact for purposes of the limitation rule in the fourth paragraph . . . the statute allows the fact of the state-court order to set the 1-year period running *only if the petitioner has shown due diligence in seeking an order*." *Johnson v. U.S.*, 544 U.S. 295, 302, 125 S. Ct. 1571, 1577 (2005) (emphasis added). In *Johnson*, the Supreme Court considered the date of the federal judgment as "the moment to activate due diligence." *Id.* at 309, 1580. At that point, the petitioner must act diligently to obtain a state court order vacating his predicate convictions. *Id.* 310, 1582. Only if he acts diligently does the one-year AEDPA period of limitations begin *on the date he receives notice of vacatur*. *Id.* (emphasis added).

Here, an evidentiary hearing was held to examine Petitioner's due diligence claim. *See Rivers v. U.S.*, 416 F.3d 131, 1322 (11th Cir. 2005) (holding that the individualized, factual nature of a due diligence determination will often require an evidentiary hearing in the district court for sufficient factual development). After the hearing, Petitioner's due diligence claim is found wanting. First, Petitioner was on notice to challenge the validity of his state sentences when he was informed that his state sentences resulted in career offender status at his federal sentencing on June 4, 2002. Petitioner allowed ten months to elapse

4

before filing state habeas petition challenging his state sentences on April 17, 2003. Moreover, Petitioner allowed his state habeas petition to pend in state court for five years without any showing of action on his part to gain a timely state ruling.[1]

In the absence of due diligence, the statute of limitations began to run when Petitioner's conviction became final on May 13, 2003, pursuant to 28 U.S.C. § 2255(f)(1), measured by 90 days from February 12, 2003, when judgment was filed in the Court of Appeals. *Clay v. United States,* 537 U.S. 522, 123 S. Ct. 1072 (2003) (holding that, for federal criminal defendants who do not file a petition for certiorari with the Court on direct review, Section 2255's one-year limitations period starts to run when the time for seeking such review expires, that is, 90 days from the time the judgment is filed in the Court of Appeals); Sup. Ct. R. 13.  Thus, Petitioner had until May 13, 2004, to file any motions pursuant to 28 U.S.C. § 2255, whether initial or successive. *Dodd*, 545 U.S. at 359, 125 S. Ct. at 2482-83.  Petitioner filed his successive Section 2255 motion at issue in this case on August 15, 2008, more than four years after the expiration of the relevant AEDPA period of limitations on May 13, 2004.  28 U.S.C. § 2255(f)(1).  Nothing in the face of this four year delay in filing his motion indicates due diligence that would initiate the provisions of 28

---

[1] In his Section 2255 Motion, Petitioner explains that he filed state habeas petition in the Superior Court of Fulton County, Georgia, April 2003.  In December 2004, the state habeas petition was transferred to Butts County pursuant to the 2004 Amendment to Habeas Corpus by the Georgia Supreme Court, setting venue in the county of original jurisdiction.  The Butts County Superior Court held a hearing and entered an order denying the Petition in August 2007, 32 months after receiving the petition from Fulton County.  Movant appealed, and the Georgia Supreme Court reversed the decision of the Butts County Superior Court, remanding for further proceedings.  On July 2, 2008, the Butts County Superior Court entered an order granting habeas corpus and vacating Petitioner's state convictions. (R-82, p. 2-3).  Petitioner suggests no action on his part to obtain a more timely state ruling.

U.S.C. § 2255(f)(4) to reset his limitations clock.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion be DISMISSED as time barred in the first instance, or secondly, dismissed without prejudice as a second and successive petition, requiring authorization from the Eleventh Circuit Court of Appeals. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 11th day of June, 2009.

                                                     S/ G. MALLON FAIRCLOTH
                                                    UNITED STATES MAGISTRATE JUDGE